[No. 7541.   Decided December 15, 1908.]

# S. J. STAMATY, *Respondent*, v. ATHOS PAPPADAMITRIU *et al.*, *Appellants.*[1]

PLEADING—ANSWER—TRIAL—SHIFTING BURDEN OF PROOF.  In a action to recover money loaned, payable on demand, an answer admitting the receipt of the money for another specific purpose does not shift the burden of proof, or release the plaintiff from proving the obligation to pay upon demand.

SAME—ISSUE AND PROOF—FAILURE OF PROOF.  In an action to recover money loaned, payable on demand, in which the court ruled that the burden of proof was upon the defendants to establish their affirmative defense that money admittedly received was paid upon a contract to purchase land which the plaintiff refused to carry out, a judgment for plaintiff cannot be sustained upon the theory of an action for money had and received, where the only evidence was that of the defendants substantiating their defense, there being no proof of an obligation to pay on demand or any offer to amend the complaint to conform to the proofs.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 13, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action on contract.  Reversed.

*Baxter & Wilson*, for appellants.

*Cutts & Dorety*, for respondent.

HADLEY, C. J.—This is an action to recover the sum of $500, alleged to have been loaned by the plaintiff to the defendants, for the benefit of the community existing between the latter.  It is alleged that the defendants promised to pay back the sum to the plaintiff on demand.  The answer denies the complaint, but affirmatively alleges that the $500 referred to in the complaint was paid to the defendants by the plaintiff as part of the purchase price of $2,000 for four acres of land, and that the plaintiff has refused to carry out the terms of the agreement.  The plaintiff denies this affirmative state-

[1]Reported in 98 Pac. 613.

ment in the answer. The cause was tried by the court without a jury, and resulted in a judgment for the plaintiff for the $500, with interest. The defendants have appealed.

The issue tendered by the respondent was that he loaned the $500 to be paid back on demand, and although this was denied by the appellants, yet, inasmuch as the latter admitted the receipt of $500, but alleged that it was for another purpose, the court held that the burden was upon the appellants to show that the money was not received as a loan. We think the burden was properly upon the respondent to prove the allegations of his complaint. These allegations were denied, and that made proof in support of them necessary. The affirmative allegation of the answer was in effect a denial of the truth of the averments of the complaint. The statement that appellant had received at the hands of respondent $500 for the particularly specified purpose in no sense tended to establish an obligation to return it on demand, which was the fact that respondent undertook to prove when he called the appellants into court.

Following the court's view as to the order of proof, the appellants opened the case with the introduction of their testimony, and at the conclusion thereof the respondent offered no testimony, but moved for judgment in his favor, which was granted. The testimony submitted by appellants all negatived the theory of a loan, and supported the view that the money was paid upon a contract to purchase land, which respondent afterwards refused to carry out. There was, therefore, no testimony whatever in support of the theory of the complaint that the money was loaned to be paid back on demand, and that a demand for payment had for that reason been made.

It is the theory of respondent that the action may be treated as one for money had and received; but the respondent offered no proof which would justify the court in treating the complaint as amended to conform to such an issue as arising from the evidence. The appellants moved for a new trial

on the ground, among others, that the evidence was insufficient to justify the judgment. We think the motion should have been granted on this ground. Without regard to the order of proof adopted by the court, we think the judgment must be reversed for the other reason stated. The cause having been tried by the court, we should probably not find the matter of the order of proof prejudicial to the extent of constituting reversible error within itself, if the evidence of both parties had been fully placed before the court. We do think, however, that the judgment cannot be sustained in the absence of any proof to support the issue as tendered by the complaint. It is therefore reversed, and the cause remanded with instructions to grant the motion for a new trial.

FULLERTON, CROW, and DUNBAR, JJ., concur.